*Lawrence & Eustis* for plaintiff, *Watts* for defendant.

LACY
*vs.*
BUHLER.

---

### BROOKS *vs.* POOL.

APPEAL from the court of the third judicial district, the judge of the eighth district presiding.

MATHEWS, J. delivered the opinion of the court. This is a suit brought by a minor, above the age of puberty, assisted by his curator *ad litem* to recover certain slaves, named and described in the petition from the defendant, who is alleged to be in possession of the property without title. The answer contains an exception to the jurisdiction of the district court, and justifies the defendant's possession as tutor of the plaintiff, until a settlement of his accounts, as that shall be made in relation to his administration of the pupil's estate, before the court of probates, from which he derived his authority. The exception was overruled by the court below,

A minor cannot sue his tutor, for the delivery of his estate, till after settlement, in the court of probates.

and afterwards, final judgment on the merits of the case was rendered against the defendant, from which he took the present appeal.

The facts of the case show, that Pool intermarried with the mother of the plaintiff, in the state of Mississippi, who was then the widow of William Brooks, deceased, who left, at his death, two sons, William and John. That after the marriage of Pool with Mrs. Brooks, a partition of the estate of her former husband was made between her and her two children, and certain portions of the property were assigned, by commissioners appointed for that purpose, to each of the proprietors, and that the slaves claimed in the present suit, were allotted to the plaintiff. The defendant was appointed guardian to him and his brother, by procedings in the Orphan's Court of the co. of Wilkinson, and state aforesaid. Afterwards, Pool and the mother of the minors, moved into the parish of East Feliciana, and State of Louisiana, and brought with them, amongst other property, the slaves now in question. In this last place he was appointed tutor for the plaintiff, who, since he arrived at the age of puberty, has caused a curator *ad bona* to be appointed, and by the aid

of his curator *ad litem* prosecutes the present action.

According to the facts, we think the district court erred, in overruling the defendant's exception to the jurisdiction of the court. Having lawful possession of his pupil's property, he is not bound to give it up until after a settlement of his accounts as tutor, to which he should have been compelled by proceedings in the court of probates, from whom he derives his authority to manage the estate of the minor. That court would also have power to order a transfer of the property from the tutor to the curator *ad bona*.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and further, that the cause be dismissed for the want of jurisdiction in the court below, at the costs of the plaintiff, both in that and the appellate court.

*Ripley* for appellant.